UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PURAPHARM INTERNATIONAL (H.K.) LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>PUREPHARMA, INC. and PUREPHARMA APS<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. _____<br>§<br>§<br>§<br>§<br>§ |

# COMPLAINT

Plaintiff, PuraPharm International (H.K.) Limited ("**PuraPharm**" or "**Plaintiff**"), by and through its undersigned counsel, hereby files this complaint against defendants, PurePharma ApS and PurePharma, Inc. (collectively, "**Defendants**") and in support thereof, states as follows:

## THE PARTIES

1. PuraPharm is a Hong Kong limited liability company, with an address of 1 Connaught Place, Suite 4002, Jardine House, Central, Hong Kong.

2. PurePharma APS is a Danish private limited company, with an address of Lergravsvej 59 3 DK-2300 Kobenhavn S, Denmark.

3. PurePharma, Inc. is a corporation organized and existing under the laws of the state of Delaware, with an address of 100 Tiburon Blvd., Mill Valley, California 94941.

## NATURE OF ACTION

4. This is an action for trademark infringement, false designation of origin, and unfair competition under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 *et seq*.) based on Defendants' adoption and use of the mark PUREPHARMA in connection

with Defendants' goods in violation of PuraPharm's established rights in PURAPHARM for identical and closely related goods.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. § 1331 (actions arising under Federal laws), and 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks).

6. Defendants have sufficient contacts with Texas for this Court to exercise personal jurisdiction over them within the parameters of due process, because Defendants have purposely availed themselves of the benefits of transacting business in Texas by maintaining an interactive web site where Texas residents purchase products via a "virtual shopping cart" directly from Defendants by submitting credit card and shipping information. Moreover, customers receive personalized service directly from Defendants' web site by using the site's "Send Us an Email" option on its "CONTACT PUREPHARMA" web page to transmit questions or requests to Defendants' customer service department. Defendants ship directly to the homes of Texas residents the products ordered over the Internet. Defendants also sell their products to Texas residents at Texas CrossFit® facilities through distributors located in Texas, including in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims occurred in this District.

## FACTS

8. Founded in 1998 in Hong Kong, PuraPharm has developed a series of health, nutritional, and pharmaceutical products that have gained significant popularity both in China and abroad.

9. Since at least as early as 2001, PuraPharm has continuously used in United States commerce the mark PURAPHARM in connection with a number of products, including but not limited to: food supplements, dietary and nutritional supplements, pharmaceutical products, and Chinese medicines.

10. PuraPharm's United States distribution channels and customers include, among others, health food distributors, dietary and food supplement distributors, consumers seeking to improve their overall health, and the holistic and herbal healthcare market. PuraPharm partners with national distributors such as Uncle Bill USA Trading, Inc. and Tronex Herbal Solutions to market and distribute its products throughout the U.S., including in Texas.

11. Since its first use of the mark, PuraPharm has spent significant resources advertising, developing and promoting the PURAPHARM mark. As a result of these efforts, the PURAPHARM mark has become well known throughout the United States as a symbol of PuraPharm's goods.

12. Since at least as early as July 1998, PuraPharm has owned and operated a commercial web site at www.purapharm.com. The web site at www.purapharm.com is PuraPharm's primary web site and, together with the <purapharm.com> domain name, has come to be associated with PuraPharm and its products.

13. Through PuraPharm's extensive and long use, display, and promotion of its mark, the mark has become known to the public and is associated by the public with PuraPharm and products originating with PuraPharm. PuraPharm acquired trademark rights to the mark long before any use of the mark by Defendants.

14. PuraPharm is the owner of federal Registration Number 2,639,990, PURAPHARM, issued by the United States Patent and Trademark Office on October 22, 2002,

for the following products: health food for medically restricted diets; food supplements, namely, herbal extract in the form of capsule tablet, powder and granule; food supplements, namely, vitamins, vitamin preparations, minerals, enzymes, and enzymes preparations; dietary and nutritional supplements; nutritional supplements, namely, drink mixes in powder form; dietetic food preparations, dietetic beverages, dietetic substances, and food preparations all for medically restricted diets; digestives for pharmaceutical purposes; appetite suppressants; pharmaceutical preparations and substances for appetite control and weight management; analgesics; sedatives; tranquilizers; sunburn ointments and sunburn preparations for medical use; pharmaceutical preparations for skin care; medicated mud for skin care, medicated skin care mud for baths; medicated mouth washes; medicines for dental purposes; Chinese medicines, for use with human biological systems, namely, Chinese medicines for the respiratory system, gastrointestinal system, endocrine system, cardiovascular system, nervous system, musculoskeletal system, urinary system, integumentary system and reproductive system; balms for medical purposes for the treatment of muscle pain, veterinary nutritional supplements for pets and livestock and medicated preparations for pet and livestock. A copy of this record of registration taken from the TSDR electronic database of the Patent and Trademark Office and showing the current status and title of the registration is attached hereto as **Exhibit A**. The registration is valid, subsisting, and incontestable. PuraPharm's products rendered under the PURAPHARM mark and brand name are marketed and sold nationwide, including in the State of Texas.

15. On information and belief, PurePharma ApS was founded in 2009 and began marketing, distributing, and selling products under the mark PUREPHARMA in 2009.

16. On information and belief, PurePharma, Inc. was founded in 2011 and began marketing, distributing, and selling products under the mark PUREPHARMA in 2011.

17. On information and belief, Defendants use the PUREPHARMA mark in United States commerce on and in connection with at least the following products: dietary and nutritional supplements, food supplements, and pharmaceutical products.

18. On October 30, 2012, Defendant PurePharma ApS filed Application Serial No. 79/124353 to register the mark PURE♡PHARMA on the Principal Register ("**U.S. Application**"). As a result of the examination process, PurePharma ApS seeks to register the mark for goods identified as "Food supplements for medical purposes; food supplements not for medical purposes, made from plants and weed extracts, for human consumption, for the purpose of nutritionally supplementing a normal diet; dietetic substances not for medical purposes, made from plants and weed extracts, for physiological purposes, namely, nutritional supplements; biopathic products and dietary supplements for medical purposes, including those based on active components and extracts of marine animals, plants, marine plants, herbs, fruits and vegetables, namely, nutritional supplements; foodstuffs and health supplements not for medical purposes, mainly consisting of extracts and active components from fruits, vegetables, marine plants, marine animals, fish, shellfish and dried herbs, namely, nutritional supplements" and "Sports drinks and beverages."

19. On information and belief, Defendants' distribution channels and target customers include health food distributors, dietary and food supplement distributors, consumers seeking to improve their overall health, professional and non-professional athletes, athletic facilities, athletic sponsors, and health food stores, to name a few.

20. PuraPharm first became aware of Defendants' use of the PUREPHARMA mark when International Registration No. 1145576 for PURE PHARMA was published for opposition.

21. After the publication of the U.S. Application on June 4, 2013, PuraPharm filed a Notice of Opposition (Opposition No. 91211414) (the "**Opposition Proceeding**") opposing the registration of the mark shown in the U.S. Application.  In the Notice of Opposition, PuraPharm states that the mark shown in the U.S. Application so resembles Opposer's registered PURAPHARM mark and the PURAPHARM mark previously used by PuraPharm and not abandoned, as to be likely, when used on or in connection with the products identified in the U.S. Application, to cause confusion, to cause mistake, or to deceive, and the mark is thus unregistrable under §§ 2(d) and 13 of the United States Trademark Act, 15 U.S.C. §§ 1052(d) and 1063.

22. Further in the Notice of Opposition, PuraPharm states that it will be damaged by registration of the PUREPHARMA mark, because registration will give PurePharma ApS *prima facie* evidence of its ownership of, and its exclusive right to use in commerce, a mark which is confusingly similar to PuraPharm's mark, which is and will be in derogation of PuraPharm's right to continue to use its mark.  The Opposition Proceeding is currently suspended, while the Trademark Trial and Appeal Board considers PurePharma ApS's motion for leave to assert a counterclaim against PuraPharma.

23. In addition to opposing the U.S. Application, PuraPharm has requested that Defendants stop using the PUREPHARMA mark based on likelihood of confusion with PuraPharm's registered PURAPHARM mark and the PURAPHARM mark used by PuraPharm, but Defendants have refused.

24. PuraPharm files this action to stop the deceptive and confusing use of the PUREPHARMA mark by Defendants, relief not available in the Opposition Proceeding.

25. Defendants' primary commercial web site is located at www.purepharma.com The only difference between Defendants' primary domain name, <purepharma.com>, and PuraPharm's primary domain name is the addition of an "e" instead of the first "a" in "PuraPharm" and the subtraction of the "a" at the end of "PurePharma." On information and belief, Defendants registered this domain name and launched the web site at least seven (7) years after PuraPharm's launch of its web site.

26. Defendants' PUREPHARMA mark so resembles PurePharma's registered PURAPHARM mark as to be likely, when used on or in connection with the products identified above, to cause confusion, or to cause mistake, or to deceive.

27. Defendants' goods rendered under the PUREPHARMA mark are identical, overlapping, and/or closely related to PuraPharm's goods rendered under its PURAPHARM mark.

28. On information and belief, Defendants' distribution channels and customer base encroach on and overlap with PuraPharm's distribution channels and customer base.

29. Defendants' use of a nearly identical mark for identical and closely related goods is without authority or license from PuraPharm and creates a likelihood of confusion, deception and mistake. PuraPharm's customers, Defendants' customers, and the general public are likely to be misled into believing that Defendants' goods under the PUREPHARMA mark are provided, sponsored, or approved by PuraPharm.

30. Defendants have infringed PuraPharm's mark by various acts, including, without limitation, the selling, offering for sale, promotion, and advertising of Defendants' products under the name "PUREPHARMA," and the operation of an Internet Web site, prominently displaying, advertising, and promoting Defendants' goods under the mark PUREPHARMA.

31. Defendants' use of PUREPHARMA in connection with Defendants' goods has been made notwithstanding PuraPharm's well-known and prior established rights in the mark PURAPHARM and with both actual and constructive notice of PuraPharm's federal registration rights under 15 U.S.C. § 1072.

32. Defendants' continued use of the PUREPHARMA mark constitutes malicious, willful, fraudulent and deliberate infringement.

33. Upon information and belief, Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to PuraPharm's business, reputation, and good will. PuraPharm has no adequate remedy at law.

## CAUSES OF ACTION

### COUNT ONE – FEDERAL TRADEMARK INFRINGEMENT

34. PuraPharm hereby realleges and incorporates by reference the allegations of paragraphs 1-33 of this Complaint as if fully set forth herein.

35. Defendants' use of the PUREPHARMA mark is likely to cause confusion, or to cause mistake, or to deceive, in violation of §32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36. Defendants' use of the PUREPHARMA mark constitutes willful trademark infringement under §32(1) of the Lanham Act, 15 U.S.C. § 1114(1), entitling PuraPharm to an injunction, treble its damages, Defendants' profits made from its infringing use of the PUREPHARMA mark and increased subject to the principles of equity pursuant to the provisions of 15 U.S.C. §§ 1116 and 1117.

37. Defendants' intentional, deliberate, and willful use of the PUREPHARMA mark with knowledge of PuraPharm's rights in the PURAPHARM mark, constitutes a willful violation

of 15 U.S.C. § 1114(1) and renders this case exceptional, entitling PuraPharm to an award of its attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT TWO - FALSE DESCRIPTION AND REPRESENTATION OF ORIGIN, SPONSORSHIP, OR APPROVAL AND UNFAIR COMPETITION UNDER LANHAM ACT § 43(A)

38. PuraPharm hereby realleges and incorporates by reference the allegations of paragraphs 1-33 of this Complaint as if fully set forth herein.

39. Defendants' use of the PUREPHARMA mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with PuraPharm, and as to the origin, sponsorship or approval of Defendants' goods by PuraPharm. Additionally, the public is likely to believe that Defendants' goods are provided by, or sponsored by, or approved by, or licensed by, or affiliated with, or in some other way legitimately connected with PuraPharm, all to PuraPharm's irreparable harm and in violation of 15 U.S.C. § 1125(a).

40. Defendants are knowingly infringing the PURAPHARM mark in violation of the rights of PuraPharm.

41. The use by Defendants of the PUREPHARMA mark as described above, is likely to cause confusion as to the source of Defendants' goods and constitutes a false designation of origin and unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), entitling PuraPharm to an injunction, treble its damages, Defendants' profits made from its infringing use of the PUREPHARMA mark and increased subject to the principles of equity pursuant to the provisions of 15 U.S.C. §§ 1116 and 1117.

42. Defendants' intentional, deliberate, and willful use of the PUREPHARMA mark with knowledge of PuraPharm's rights in the PURAPHARM mark, constitutes a willful violation

of 15 U.S.C. § 1125 and renders this case exceptional, entitling PuraPharm to an award of its attorneys' fees pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, PuraPharm respectfully demands a jury trial, and prays for the following relief against Defendants:

1. That Defendants and their officers, directors, agents, servants, employees, and all persons in active concert and participation with them, be permanently enjoined from using the mark PUREPHARMA, or any other mark that is similar in appearance to PuraPharm's PURAPHARM mark as part of any trademark, service mark, trade name, corporate name, or assumed name; or on the Internet in any domain name, title, description, keyword, source code, tag, banner, link, and any other use for the purpose of directing Internet traffic; or in any other manner in connection with business, products, or services within the United States.

2. That Defendants be ordered to deliver up for destruction all products, supplements, foodstuffs, drinks, beverages, literature, signs, labels, tags, prints, packages, wrappers, containers, fabrics, advertising materials, stationery, and any other items in Defendants' possession or control that bear the mark PUREPHARMA, or any other mark that is similar to PuraPharm's PURAPHARM mark, and that Defendants be ordered to deliver up for destruction all plates, molds, matrices, masters, and other means of producing or applying the prohibited mark.

3. That any goods marked or labeled in contravention of 15 U.S.C. § 1125 be denied entry at any customhouse of the United States, pursuant to 15 U.S.C. § 1125(b).

4.  That Defendants be ordered to file with the Court and serve on PuraPharm, within 30 days after the entry of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

5.  That in accordance with the Lanham Act and Federal Law, PuraPharm be awarded treble its damages, Defendants' profits made from its infringing use of the PUREPHARMA mark, and increased subject to the principles of equity, punitive damages, compensatory damages, pre-judgment interest, and PuraPharm's costs of suit and reasonable attorneys' fees.

6.  That PuraPharm have such other and further relief, including without limitation equitable relief, as the Court deems just and proper.

Dated:  November 6, 2014

                        Respectfully submitted,

                        /s Melissa S. Rizzo
                        Melissa S. Rizzo, Esq.
                        Attorney-In-Charge
                        Southern District of Texas Bar No. 1125798
                        ADAMS AND REESE LLP
                        101 E. Kennedy Blvd., Suite 4000
                        Tampa, Florida 33602
                        (813) 402-2880 (Telephone)
                        (813) 402-2887 (Facsimile)
                        melissa.rizzo@arlaw.com

                        Alexandra E. Howard, Esq.
                        Southern District of Texas Bar No. 2450997
                        ADAMS AND REESE LLP
                        424 Church Street, Suite 2700
                        Nashville, Tennessee 37219
                        (615) 259-1450 (Telephone)
                        (615) 259-1470 (Facsimile)
                        alexandra.howard@arlaw.com

                        *Attorneys for Plaintiff*

*PuraPharm International (H.K.) Limited*

*PuraPharm International (H.K.) Limited*